UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PRESLEY, et al.,<br><br>Defendant. | No. 1:20-cv-00620-NONE-JLT<br><br>ORDER GRANTING MOTIONS TO DISMISS<br><br>(Doc. Nos. 12, 16) |

Plaintiff Nationstar Mortgage LLC commenced this action on April 30, 2020, by filing a complaint under the civil Influenced Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), against defendants Robert Presley, Healing My People Services ("HMP"), Joyce Decormier, Joe McHaney, Nikola Gulan and Does 1–10. (Doc. No. 1.)

Pending before the court are the motions to dismiss filed by defendants Decormier and McHaney ("Moving Defendants") on July 20 and 27, 2020. (Doc. Nos. 12 & 16.) Plaintiff filed oppositions to those motions, together with a request for judicial notice in connection with its oppositions, on August 20, 2020. (Doc. Nos. 20–22.) Moving Defendants did not file reply briefs. The Clerk of the Court entered defaults as to defendants Presley, Healing My People Services and Gulan on November 9, 2020. (Doc. Nos. 32–34.)

/////

/////

1

**DISCUSSION**

**A.     Summary of Allegations**

Plaintiff's complaint (Doc. No. 1) alleges the following.  Defendants Presley and Does 1-10 operate defendant HMP (collectively, "HMP Defendants").  (*Id.* ¶ 1.)  Defendant HMP is "a program claiming to help consumers arbitrate disputes, by scheduling sham arbitration proceedings, charging a fee from financially distressed consumers, and issuing biased judgments that are nonbinding and not based on established law."  (*Id.* ¶ 13).  The complaint defines "Defendants" to mean HMP Defendants.  (*Id.* ("Defendants ROBERT PRESLEY, an individual, HEALING MY PEOPLE SERVICES, an unknown business entity, and DOES 1 through 10, inclusive (collectively "Defendants") . . . .").)

The alleged scheme works as follows.  A defaulting borrower of a loan—including loans held or serviced by plaintiff—comes into contact with HMP Defendants, sometimes through the internet.  (*Id.* ¶¶ 7, 16.)  HMP Defendants mislead and fraudulently misrepresent to the borrower that they will conduct a binding arbitration proceeding for a fee paid by the borrower.  (*Id.*)  HMP Defendants issued such fraudulent awards to defendant Decormier on May 13, 2019 in the amount of $2,670,000 and to defendant McHaney on June 6, 2019, in the amount of $9,375,041.87.  (*Id.* ¶ 1.)  These awards were filed with various courts.  (*Id.*)  The complaint also alleges other similar specific instances with respect to defendant Nikola and a nonparty borrower.  (*Id.*)

Attached to the complaint are four purported arbitration awards, together with indicia showing that two of the awards had been sent through the United States Postal Service.  (*See, e.g., id.* at 16–24 (end of award to defendant Decormier and evidence of being sent via USPS), 125–27 (copy of envelope in connection with award to defendant Nikola).)

Plaintiff's complaint asserts four causes of action.  The first is a civil RICO claim "against all Defendants."  (Doc. No. 1 ¶ 25.)  The second is a RICO conspiracy claim "against all Individual Defendants."  (*Id.* ¶ 35.)  "Individual Defendants" is not defined in the complaint, but several of the defendants—including Moving Defendants—are each described as being "an individual[.]"  (*Id.* ¶¶ 7, 9–11.)  At the same time, elsewhere in the complaint, the allegations

2

appear to distinguish between the general term "Defendants" and Decormier and McHaney.  (*See, e.g. id*. at ¶ 1(a) ("Defendants issued an "arbitration award" of $2,670,000 to Joyce Decormier (debtor and/or borrower).").)  The third cause of action is under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), and the fourth is for tortious interference with contractual relations.  (*Id.* ¶¶ 42–57.)  The complaint does not clarify whom these last two claims are against, but the paragraphs under the headings for those causes of action repeatedly refer to the actions of "Defendants."  (*See id.*)

**B.     Legal Standards**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a

/////

1  memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of*
2  *Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

3  **C.    Analysis**

4      1. RICO Claims

5  Under 18 U.S.C. § 1964(c), "[a]ny person injured in his business or property by reason of
6  a violation of [18 U.S.C. § 1962]" may bring a private cause of action.  "Subsections 1962(a)
7  through (c) prohibit certain 'pattern[s] of racketeering activity' in relation to an 'enterprise.'
8  Subsection 1964(d) makes it illegal to conspire to violate subsections (a), (b), and (c) of section
9  1962." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*,
10  770 F.3d 834, 837 (9th Cir. 2014) (brackets in original).  Plaintiff brings a RICO claim under
11  § 1962(a) and a conspiracy claim under § 1962(d).  (Doc. No. 1.)

12          a.    *Intent to Defraud*

13  Moving Defendants argue that plaintiff has failed to allege an intent to defraud.  (Doc.
14  Nos. 12 at 7 ("The only intent of Defendant Joyce Decormier was to obtain remedy with a
15  disinterested third party looking at the facts."); 16 at 7 (similar for defendant McHaney).)

16  There are five elements of a civil RICO claim:  "(1) conduct (2) of an enterprise (3)
17  through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to
18  plaintiff's business or property." *United Bhd.*, 770 F.3d at 837.  As relevant here, "any act which
19  is indictable under . . . [18 U.S.C.] section 1341 (relating to mail fraud), [or] section 1343
20  (relating to wire fraud)" is a "racketeering activity."  18 U.S.C. § 1961(1).  "The mail and wire
21  fraud statutes are identical except for the particular method used to disseminate the fraud and
22  contain three elements:  (A) the formation of a scheme to defraud, (B) the use of the mails or
23  wires in furtherance of that scheme, and (C) the specific intent to defraud." *Eclectic Properties*
24  *E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (civil RICO case).

25  Under Federal Rule of Civil Procedure 9(b), "the circumstances constituting fraud must be
26  stated with particularity." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393,
27  1400 (9th Cir. 1986) (civil RICO complaint concerning alleged mail and wire fraud).  Thus, "the
28  pleader must state the time, place, and specific content of the false representations as well as the

identities of the parties to the misrepresentation." *Id.* at 1401.  When alleging mail or wire fraud in a RICO case, "[t]he requirement of specific intent under these statutes is satisfied by the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension, and this intention is shown by examining the scheme itself." *Id.* at 1400 (internal quotation marks and citation omitted).  Allegations of fraud "need not be made expressly." *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 195 (9th Cir. 1987).

Here, plaintiff has alleged a general scheme to defraud lenders by creating sham arbitration awards in the favor of borrowers.  Plaintiff alleges that Moving Defendants participated in this scheme by hiring HMP Defendants in connection with an arbitration.  However, there are no allegations that Moving Defendants knew that this was a scheme to defraud.  Rather, the allegations are that "Defendants"—which, as defined by the complaint, refers only to HMP Defendants—"mislead and fraudulently misrepresent to borrower[s] that the [HMP] Defendants will conduct an arbitration proceeding that will make the final, binding decision called the award on the dispute and render it in writing[.]" (Doc. No. 1 ¶ 16 (internal quotation marks omitted).)  Hence, the complaint alleges that HMP Defendants defrauded Moving Defendants.  The court cannot infer from the allegations of the complaint that Moving Defendants had a specific intent to defraud because the complaint alleges that Moving Defendants were in fact led to believe their actions were proper.

Plaintiff argues that paragraph 28 of the complaint establishes that defendant McHaney knew the arbitration awards were false.  (Doc. No. 21 at 8.)  Presumably, this argument would also apply to defendant Decormier.  In paragraph 28 of the complaint it is alleged as follows:

> Specifically, and in furtherance of their ongoing fraudulent scheme, Defendants, and each of them, submitted or caused to be submitted, via interstate telephone wires, and through the U.S. Postal Service/Electronic Email or other private or commercial interstate carrier, fraudulent documents affecting numerous assets owned or serviced by Plaintiff.

(Doc. No. 1 ¶ 28.)

Because "Defendants" is defined in the complaint as HMP Defendants, (*see id.* ¶ 1), this paragraph does not allege that *Moving Defendants* had a specific intent to defraud.  Moreover, as

noted above, although specific intent may be inferred based on the alleged scheme itself as to those who have knowledge of the entire scheme, *see Schreiber*, 806 F.2d at 1400, the complaint does not plausibly allege that the Moving Defendants had such knowledge.  Even if the above-quoted paragraph applies to Moving Defendants, their mailing of fraudulent documents does not sweep them into the fraudulent conduct unless they had knowledge that those documents were fraudulent.  Plaintiff has cited to no authority establishing that such a complaint alleges fraud with the required specificity.  The court therefore will find that plaintiff has failed to state a cognizable RICO claim under § 1962(c) against Moving Defendants.

b.     *Existence of Conspiracy*

Moving Defendants also argue that plaintiff has failed to state a claim for conspiracy against them because "no conspiracy exists" and plaintiff has failed to allege a RICO violation. (Doc. No. 12 at 8; 16 at 8.)

To state a claim for conspiracy to violate RICO under 18 U.S.C. § 1962(d), a plaintiff must allege "either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).  "The illegal agreement need not be express as long as its existence can be inferred from the words, actions, or interdependence of activities and persons involved." *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 775 (9th Cir. 2002).  Under § 1962(d), while a conspiracy defendant need not have personally committed a predicate act, or even an overt act in furtherance of the RICO conspiracy, the defendant must be "aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993).

Here, as discussed above, plaintiff has failed to allege in its complaint (directly or through facts that give rise to a plausible inference) that Moving Defendants were aware that they were engaged in fraudulent activity.  Thus, plaintiff has failed to allege that Moving Defendants were "aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer*, 8 F.3d at 1346.  Accordingly, plaintiff also has failed to state a cognizable claim against Moving Defendants for violations of § 1962(d).

6

The court finds it unnecessary to address Moving Defendants' remaining arguments concerning the RICO claims.

### 2. Tortious Interference With Contract

Moving Defendants next argue that they cannot be found liable for tortious interference with contract because they have "made no effort to interfere with the business of Nationstar, nor has [either Moving] Defendant attempted to sully the 'good name' of that organization." (Doc. Nos. 12 at 8; 16 at 8.) Although the complaint does not make clear whether this claim was brought against Moving Defendants, the parties appear to assume that it was. The court will therefore address the pending motion to dismiss that claim as well.

"To state a tortious interference with contract claim, a plaintiff must show: '(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce breach or disruption of the contract; (4) actual breach or disruption; and (5) resulting damage.' " *San Miguel v. HP Inc.*, 317 F. Supp. 3d 1075, 1094 (N.D. Cal. 2018) (quoting *Name.Space, Inc. v. Internet Corp. for Assigned Names and Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015)).

Here, there are no allegations in plaintiff's complaint that either Moving Defendant induced a breach or disruption of a contract between plaintiff and a *third* party. Rather, the complaint alleges that defendant Decormier breached her contract with plaintiff and defendant McHaney breached his contract with plaintiff. Moreover, plaintiff does not allege that Decormier or McHaney induced anyone else to breach or disruption with anyone else's contract with plaintiff. Accordingly, plaintiff has also failed to state a cognizable claim for tortious interference with contract against either Moving Defendant.

### 3. California Unfair Competition Law

Finally, plaintiff notes that Moving Defendants have made no argument in support of dismissal of its UCL cause of action and that plaintiff properly pleaded this cause of action. (Doc. Nos. 20 at 11; 21 at 11.) The complaint itself does not explicitly state whether plaintiff's UCL action was brought against Moving Defendants, but all the paragraphs of the claim refer to the actions of "Defendants" as defined in the complaint—thus, HMP Defendants. (*See* Doc. No.

7

1 ¶¶ 42–50.)  Therefore, the complaint as currently framed does not bring an action under the UCL against Moving Defendants.

It is possible that this was a drafting error.  Indeed, plaintiff's oppositions to the motions to dismiss imply that plaintiff meant to bring this cause of action against Moving Defendants.  (*See* Doc. Nos. 20 at 11; 21 at 11.)  However, a complaint cannot be amended by an opposition to a motion to dismiss.  *Schneider*, 151 F.3d at 1197 n.1.  If plaintiff intended to bring this cause of action against Moving Defendants, it may do so in an amended complaint.

**D.     Leave to Amend**

Plaintiff requests leave to amend.  (Doc. Nos. 20 at 11–12; 21 at 12.)  Leave to amend is proper "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The court finds that leave to amend is proper in this circumstance.  Among other things, the court cannot conclude that amendment would be futile.

**ORDER**

Accordingly,

1. Moving Defendants' motions to dismiss (Doc. Nos. 12, 16) are GRANTED; and
2. Plaintiff may file an amended complaint within twenty-eight (28) days of the date of this order.

IT IS SO ORDERED.

Dated:     **July 27, 2021**                                     _____
                                                                                UNITED STATES DISTRICT JUDGE